Merrimack, ﹜
Dec., 1894. ﹜

EAMES & a., *Ex'rs*, v. TRUSTEES OF THE PROTESTANT EPISCOPAL CHURCH IN NEW HAMPSHIRE & a.

When by a will the payment of a legacy for the use of a church is postponed until after the payment of four legacies given by the same clauses, and by a codicil the payment of the four legacies is postponed until after payment of " all the other legacies mentioned in said will," the four legacies will be paid in full before that to the use of the church.

BILL OF INTERPLEADER. The plaintiffs are executors of the last will and codicil of Thomas G. Valpey. All the legacies mentioned in the will have been paid in full, except that of $3,000 to the trustees of the Protestant Episcopal Church in New Hampshire for the use of the church at Penacook, that of $500 to the Concord Public Library, that of $500 to the library of St. Paul's School, that of $500 to the Orphans' Home at Millville, and that of $1,000 to the testator's brother. The plaintiffs have in their hands a balance of $6,600.48 remaining after the pay-

ment of debts, other legacies, and estimated costs of administration.

The legatees mentioned in the codicil claim that their legacies should be paid in full. The trustees of the Protestant Episcopal Church in New Hampshire claim that the legacy to them, for the benefit of the church at Penacook, given by the fifteenth and eighteenth clauses of the will, should be paid in full; and that they should receive their legacy under the residuary clause (the twentieth) before the legatees mentioned in the codicil receive any part of their legacies.

*Sargent & Hollis*, for the trustees of the Protestant Episcopal Church.

*William L. Foster*, for the Concord Public Library.

*Leach & Stevens*, for St. Paul's School.

SMITH, J. By the fifteenth and eighteenth clauses of the will, a legacy of $500 is given to the Concord Public Library, $500 to the library of St. Paul's School, $500 to the Orphans' Home, $1,000 to Daniel Valpey, brother of the testator, and $3,000 to the trustees of the Protestant Episcopal Church of the Diocese of New Hampshire, for the benefit of the Episcopal Church at Penacook, provided that amount shall be left after the four legacies first named are paid in full. By the twentieth clause, the residue of his estate, not exceeding $3,000, is given to the same trustees; and, if the residue shall exceed that sum, the excess is given to the City Hospital in Lawrence, Massachusetts.

In the codicil the testator recites the legacies to the two libraries, to the home, and to his brother, and declares it to be his will that those legacies, four in number and $2,500 in amount, shall be paid only in case his " estate shall be sufficient to pay the other legacies mentioned in the will in full." The question, therefore, is whether the legacy of $3,000 to the trustees for the benefit of the Penacook church was given a preference over the four legacies mentioned in the codicil.

If the only estate bequeathed and the only legacies given were those mentioned in the fifteenth, eighteenth, and twentieth clauses of the will, the intent of the testator to give the legacy to the trustees preference over the other four would not seem open to doubt. But he made many bequests other than those mentioned in the fifteenth and eighteenth clauses. His estate disposed of by will amounts to almost $50,000, while the legacies given in the fifteenth and eighteenth clauses amount to no more than $5,500. By the words in the codicil, " all other legacies mentioned in said will," we think the testator meant the legacies

mentioned in clauses other than the fifteenth and eighteenth. As in those two clauses the legacy to the church was, in express terms, payable only after the other four should have been paid in full, we should expect a purpose to reverse the order of payment by the codicil to be stated in like express terms, and not left to be inferred from general language. It is evident that the testator had some doubt when he executed his will whether his estate would be sufficient to satisfy all the legacies given in the fifteenth and eighteenth clauses. It is also evident that at a later date he came to doubt whether the estate would be sufficient to pay any of the legacies in these clauses after satisfying the other legacies. Hence the codicil, in which he postpones payment of the legacies to the two libraries, to the home, and to his brother until all other legacies are paid in full. The legacy to the church having originally been made payable after payment of the other four legacies, there was no occasion to mention it in the codicil. Three of the legacies were for $500 each, and that to his brother was for $1,000, the four aggregating $2,500, or $500 less than the legacy to the church. The small amount of these legacies as compared with that to the church may have been one reason in his mind for retaining the order of payment originally determined upon. Besides, the ties of relationship and affection would naturally lead him to prefer the payment of the legacy to the brother rather than that to the church, in case of doubt as to the sufficiency of the estate to pay both.

The testator's purpose in the codicil being to postpone payment of the legacies given in the fifteenth and eighteenth clauses until all the legacies given in the other clauses are paid, and the order of payment as between the legacies given in those two clauses having been originally stated and fixed, there was no occasion to repeat it in the codicil.

Our conclusion is that the legacy to the trustees of the Protestant Episcopal Church of the Diocese of New Hampshire is payable after the other four legacies given in the fifteenth and eighteenth clauses of the will shall have been paid in full.

*Case discharged.*

WALLACE, J., did not sit: the others concurred.